ZANE'S WILL CASE.  See Case No. 8,952.

ZANTZINGER (UNITED STATES v.).  See Case No. 16,785.

## Case No. 18,202.

### ZANTZINGER v. WEIGHTMAN et al.

[2 Cranch, C. C. 478.] [1]

Circuit Court, District of Columbia.  May Term, 1824.

MALICIOUS HOLDING TO BAIL—ACTION FOR DAMAGES—NEW TRIAL—MALICE—WANT OF PROBABLE CAUSE—EVIDENCE—NE EXEAT BOND—EFFECT.

1. In an action for maliciously holding the plaintiff to bail upon a ne exeat, for a larger sum than was due, the court will grant a new trial, if the verdict for the plaintiff is against the weight of evidence.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

2. In granting a new trial for the defendant, the court will make it a condition that the verdict shall stand until another shall be rendered.

3. The court will not permit evidence to be given of the private opinion of the witness as to the fraud or fairness of the plaintiff's conduct, derived from facts which appeared before the witness as an arbitrator.

4. The ex parte deposition of a deceased witness, not taken by consent, cannot be read in evidence.

5. In an action for maliciously holding the plaintiff to bail upon a ne exeat, the plaintiff may give evidence that he has suffered in the public estimation in consequence of the process of ne exeat, but not in consequence of reports circulated by the defendant, although such reports may be given in evidence by the plaintiff to show malice in the defendant; nor can he give evidence of special damage not averred in the declaration.

6. The plaintiff, in such an action, must show both malice and the want of probable cause, and that the defendants knew that they had not probable cause.

7. The bill and affidavit and the order of the judge granting the ne exeat, are prima facie evidence of probable cause.

8. A ne exeat bond only binds the sureties to the extent of the final decree of the court, and, if the defendant continually remains in the district, according to the condition of the bond, they will be discharged altogether.

9. The declaration, in such an action, must aver the want of probable cause, and for want of such averment the judgment will be arrested.

This was an action upon the case for maliciously holding the plaintiff [W. P. Zantzinger] to bail, upon a ne exeat, for a much larger sum than was due.

The declaration states that the defendants [R. C. Weightman and others], "maliciously and injuriously" intending to cause the plaintiff "to be unjustly, and without any probable cause, arrested and imprisoned for a large sum of money," and to cause him, "without any just or reasonable cause, to expend divers large sums of money on that occasion," "did falsely, unjustly, and maliciously file a bill of complaint," &c., "whereupon they prayed a certain process called a 'ne exeat,' and an account; and although the plaintiff has never been indebted to the defendants at any time in a larger sum than $3,531.75, yet the defendants, by certain false statements in their said bill, and in the affidavit accompanying it, procured the aforesaid process called a 'ne exeat' to be issued, and an indorsement thereon from one of the judges of the said court requiring the plaintiff to give bond in the sum of $16,000, conditioned," &c., by reason of which said process, so indorsed, he was, "by the unjust and malicious procurement of the defendants arrested and imprisoned," &c., whereas, in truth and in fact, the plaintiff was not at the time of issuing the said process, and at the time of the imprisonment, &c., indebted to the defendants in more than $3,531.75, which fact has been so found by arbitrators, &c.; "nor was his conduct such as to justify or require the

extraordinary process of ne exeat; by reason whereof," &c.

At November term, 1821, the jury found a verdict for the plaintiff, with $2,000 damages; but THE COURT (THRUSTON, Circuit Judge, not giving any opinion), upon the defendants' motion granted a new trial, upon payment of costs, and upon condition that this verdict should stand until another should be rendered, agreeably to the practice in the English courts; this court being of opinion that the verdict was against the weight of the evidence.

The cause came on for trial again at November term, 1822, when THE COURT (THRUSTON, Circuit Judge, absent) refused to permit a witness (Mr. Davidson) to state his opinion as to the fraud or fairness of the plaintiff's conduct, derived from the facts which appeared before him, as an arbitrator.

THE COURT also refused to permit H. C. Wilson's deposition to be read (he having died since the last trial), not being satisfied that it was taken by consent; and knowing that it was objected to, at the last trial, on that ground, and that in consequence of that objection Mr. Wilson was then brought into court.

The plaintiff's counsel asked a witness (Mr. Munroe,) whether the character of the plaintiff had suffered in the public estimation in consequence of the process of ne exeat, and the proceedings thereon.

THE COURT permitted the question to be put; but did not permit the witness to be asked whether he had heard injurious reports of the plaintiff's conduct from the defendants, and whether the plaintiff did not suffer in reputation in consequence of such reports; but said that the plaintiff, in order to prove malice, might give evidence of the declarations of the defendants.

THE COURT also refused to permit the plaintiff to give evidence of special damage resulting from the reports in circulation, in consequence of the ne exeat (that is, that the plaintiff was nominated to an office by the president, and that the character of the plaintiff was injured in the opinion of the senators by those reports), the same not having been specially averred in the declaration.

THE COURT gave the same instructions to the jury which they had given at the former trial; which were, in substance, that the plaintiff must show both malice, and the want of probable cause. That the award of the arbitrators is not proof of the want of probable cause. That there must have been, not only the want of probable cause, but the defendants must have known that there was not probable cause. That the bill, and affidavit, and order of the judge, are prima facie evidence of probable cause.

THE COURT, also, by the assent of both parties, instructed the jury that the ne exeat bond would only have bound the sureties to the extent of the final decree of the court, and that if the defendant should have remained in the district, according to the condition of the bond, the sureties would have been discharged altogether.

The jury again found a verdict for the plaintiff, and $2,000 damages.

Mr. Taylor and Mr. Jones, for defendants, moved in arrest of judgment: (1) Because the plaintiff has not alleged, in his declaration, that the writ of ne exeat was, in fact, sued out without probable cause. (2) Because the plaintiff's own declaration shows that there was sufficient probable cause for suing out the said writ. (3) Because the plaintiff does not show by his declaration that the proceedings on the ne exeat were at an end.

First. There is no direct averment, in the declaration, of the want of probable cause. The only part of the declaration in which it is mentioned is in the indictment, where it is said that the defendants, "intending to cause the plaintiff to be unjustly, and without probable cause, to be arrested," &c., "did, falsely, unjustly, and maliciously, file a bill, &c., and procure a ne exeat, which is not an averment that the defendants filed the bill and procured the ne exeat without probable cause." Johnstone v. Sutton, 1 Term R. 544, 784; Reynolds v. Kennedy, 1 Wils. 232. The inducement could not be traversed.

Second. The declaration shows good cause of arrest to the amount of $3,531.75; and that there is no averment of the want of probable cause as to the excess of bail required. "Falsely, unjustly, and maliciously," are not a sufficient substitute for an averment of the want of probable cause. Ellis v. Thilman, 3 Call, 3; Young v. Gregory, Id. 446; Kirtley v. Deck, 2 Munf. 10.

Third. The third objection (that is, that the plaintiff does not show in his declaration, that proceedings upon the ne exeat were at an end,) is fatal upon general demurrer, and equally so in arrest of judgment.

Mr. Jones, on the same side. When the declaration admits a probable cause of holding to bail to a certain amount, and the gravamen is the holding to excessive bail, the excess must be averred to be without probable cause. Lilwell v. Smallman, Selw. N. P. 946, 1056; Savil v. Roberts, 1 Salk. 13; s. c. 1 Ld. Raym. 374; Farmer v. Darling, 4 Burrows, 1971. Malice cannot be inferred, but must be averred and expressly proved. Gibson v. Chaters, 2 Bos. & P. 129; Purcell v. Macnamara, 9 East. 361; Sinclair v. Eldred, 4 Taunt. 7. Upon the third objection, he cited Fisher v. Bristow, 1 Doug. 215; Morgan v. Hughes, 2 Term R. 225.

Mr. Hewitt, contra. The recital may be carried into the substantial averment; as the county named in the margin will supply the want of naming it in the averment. The gist of this action is the procuring an extraordinary process of the court upon false suggestions or statements. As to the third objection, he referred to Young v. Greg-

ory, 3 Call, 446. But the declaration does show that proceedings upon the ne exeat were at an end, by averring that the award of the arbitrators was affirmed by the final decree of the court. In the cases cited there was no such argumentative averment of the want of probable cause as there is in this. The averment that the plaintiff's conduct was not such as to justify or require the extraordinary process of ne exeat is tantamount to an averment of the want of probable cause. For the general definition of an action for a malicious prosecution, he referred to Esp. N. P., and Daw v. Swaine, 1 Sid. 424; and, as to what defects are cured by verdict, he referred to 2 Saund. 228; Jackson v. Burleigh, 3 Esp. 34; the statute of jeofails of Virginia (pages 111, 112); and the judiciary act of the United States of 1789, § 32 (1 Stat. 73).

Mr. Swann, on the same side. "Without probable cause" are not technical words, which cannot be supplied by equivalent expressions. Young v. Gregory, 3 Call, 446. "Want of probable cause" is necessary in a suit for vexatious criminal prosecution, but not for a vexatious civil suit. If the whole declaration be taken together, the inference is irresistible that the ne exeat was procured, and the excessive bail required, without probable cause.

Mr. Hewitt cited Read's Pleader's Assistant (page 30), which is the precedent he followed, and which does not aver the want of probable cause. He also cited 1 Chit. 230, 292, 308, as to the distinction between inducement and averment.

THE COURT (THRUSTON, Circuit Judge, absent), having fully considered the case, arrested the judgment, because there was no averment of any act done by the defendants without probable cause; and because, by the plaintiff's own showing, there was probable cause to a certain extent.